**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| METIN GUNEY, | : | |
| *Plaintiff*, | : | Case No. 1:26-cv-286 |
| vs. | : | Judge Jeffery P. Hopkins |
| BUTLER COUNTY JAIL, | : | |
| *Defendant*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 7) issued by Magistrate Judge Karen L. Litkovitz on May 11, 2026. No objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired.

Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022). Accordingly, the Court (1) **DISMISSES WITH PREJUDICE** Plaintiff's Fourteenth Amendment claim for unauthorized deprivation of property; (2) **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment claim for excessive force; and (3) **DENIES** Plaintiff's Motion to Investigate Cleveland Immigration Court (Doc. 6) **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Additionally, Plaintiff shall

be permitted to file a second amended complaint within **THIRTY (30) DAYS** of the date of this Order. Any second amended complaint should name as a defendant any person plaintiff contends is actually and personally responsible for the alleged violation of his rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury."). Further, any second amended complaint must set forth in clear, short and concise terms, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim. *See* Fed. R. Civ. P. 8. As required by S.D. Ohio Civ. R. 5.1, the second amended complaint should be legible and double-spaced.

For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal in forma pauperis. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

October 13, 2026

Jeffery P. Hopkins
United States District Judge